UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND, et al,

                                      Plaintiffs,

           v.

PREMIER BRIDGING & SCAFFOLDING LTD,

                                      Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

16 Civ. 4921 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

       The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Funds") and Robert Bonanza, the Business Manager of the Mason Tenders District Council of Greater New York and Long Island (collectively, the "Plaintiffs") move for summary judgment to confirm and enforce a June 25, 2015, Opinion and Default Arbitration Award (the "Award") rendered in their favor. Defendant Premier Bridging & Scaffolding Ltd ("Premier") does not oppose the motion. For the reasons set forth below, Plaintiffs' motion for summary judgment to confirm and enforce the Award is granted.

    **I.**    **BACKGROUND**

       The following facts are taken from the Award, the evidence submitted to the arbitrator and Plaintiffs' uncontested Rule 56.1 Statement.

       This dispute stems from a collective bargaining agreement between Plaintiffs and Premier (the "Project Labor Agreement" or "PLA") covering the period from January 1, 2013, to September 30, 2014. The Project Labor Agreement obligated Premier to make benefit funds

contributions and other payments to the Plaintiffs' union trust funds.  The PLA further bound Premier to the terms and conditions of the various Fund agreements.  In accordance with these agreements, the Funds have the ability to elect to pursue arbitration in the case of employer contribution delinquencies.

Premier failed to pay benefit contributions and other payments to the Funds for work performed under the PLA.  On May 15, 2015, the Funds notified Premier of their intent to pursue arbitration as a result of the delinquent contributions.  The arbitration hearing was held on June 21, 2015.  As no representative of Premier appeared and Premier had notice of the hearing, the arbitrator conducted it as a default hearing.  The Funds entered several exhibits into the record, including an audit of Premier's available payroll records from January 1, 2013, to September 30, 2014, which indicated a deficiency in the payment of required contributions.  On June 25, 2015, the arbitrator issued the Award in favor of Plaintiffs, finding that Premier owed the Funds $42,505.37.  The arbitrator based his decision on the exhibits submitted by the Funds and their credible testimony that the exhibits are accurate.  To date, no payment against the Award has been made.

On June 24, 2016, Plaintiffs commenced this case to confirm the Award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.  Plaintiffs served Premier with a summons and complaint on August 9, 2016.  On September 14, 2016, Plaintiffs served Premier with a Court Order requiring Premier to file any response to Plaintiffs' motion to confirm the Award by October 4, 2016.  Premier did not file a response to Plaintiffs' confirmation motion.

## II.    DISCUSSION

Confirmation of an arbitration award is "a summary proceeding that merely makes what

is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *Id.*

Though a summary judgment standard is applied to confirmation proceedings, arbitration awards are entitled to extreme deference. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015). The Award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (citation and internal quotation marks omitted). A "barely colorable" justification for the arbitrator's decision is sufficient to meet that standard. *Id.*

No material issues of genuine fact exist in this case. Plaintiffs' motion and Rule 56.1 statement are uncontested, and the exhibits that the arbitrator relied upon credibly demonstrate that Premier is delinquent in payments that it owes to Plaintiffs. The arbitrator's decision can clearly "be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110; *see also N.Y.C. Dist. Council of Carpenters v. Gotham Installations, Inc.*, 2013 WL 5943986 (S.D.N.Y. Oct. 25, 2013) (confirming an unopposed arbitration award brought under LMRA § 301 where record supported award and there was no evidence of misconduct by arbitrator). Consequently, Plaintiffs are entitled to summary confirmation of the June 25, 2015, Award.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for confirmation and enforcement of the

Award is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 20 and to close the case.

Dated: December 2, 2016
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**